UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JASON BARRETT, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 6: 07-406-DCR |
| ) | |
| V. ) | |
| ) | |
| BENCHMARK FAMILY SERVICES, ) | |
| INC., d/b/a LIFEWAY FOR YOUTH OF ) | **MEMORANDUM OPINION** |
| KENTUCKY, INC., et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion to dismiss filed by the Commonwealth of Kentucky, Cabinet for Health and Family Services, Department of Community Based Services ("the Cabinet"). More specifically, the Cabinet asserts that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted because the claims asserted against the Cabinet are barred by the Eleventh Amendment of the United States Constitution. In response, the Plaintiffs do not dispute that the Cabinet is entitled to immunity under the Eleventh Amendment. They contend, however, that they intend to amend their Complaint to challenge the constitutionality of KRS § 347.060. For the reasons discussed below, the Court will grant the Cabinet's motion to dismiss.

### I.  Background

This litigation arises out of the revocation of the Plaintiffs' foster care license by Defendant Benchmark Family Services, Inc. ("Benchmark") on December 11, 2006. According to the Plaintiffs, the Defendants improperly revoked their foster care license because the Plaintiffs' failed to sign a form stating that they would not attend any religious services where reptiles were used, handled, or displayed. [Record No. 1, ¶ 23-29]

The Plaintiffs filed their Complaint in this Court on November 28, 2007, alleging violations of the First and Fourteenth Amendments against Benchmark and its officers, as well as against the Cabinet under a theory of agency liability. [*Id.*, ¶ 62-64]

### II.  Standard of Review

The Cabinet's motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which allows a defendant to move for dismissal of all or part of a complaint if it fails to state a claim upon which relief may be granted. When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A plaintiff is not required to provide "heightened fact pleading of specifics," but must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965, 1974. Additionally, all of a plaintiff's factual allegations must be taken as true in considering a motion to dismiss. *Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004).

### III. Discussion

The Cabinet has moved the Court to dismiss the federal claims asserted against it because the Plaintiffs are only seeking monetary damages, and the Cabinet is entitled to Eleventh Amendment immunity from such claims. As the Cabinet correctly notes, states and their agencies are immune from liability for actions in their official capacities for monetary damages, unless the state consents. *See Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 456 (6th Cir. 1998) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

Here, there is no dispute that the Cabinet is entitled to immunity from the Plaintiffs' claims against it. The Plaintiffs contend that Benchmark acted as an agent of the Cabinet and that the Cabinet is liable for the alleged injuries to the Plaintiffs resulting from the termination of their foster care license. The Plaintiffs are seeking only monetary damages, and there is no dispute that the Cabinet is a statutorily created agency of the Commonwealth of Kentucky. *See* KRS § 12.250(6). Therefore, because it has not waived its sovereign immunity, the Cabinet cannot be held liable for claims arising from the alleged constitutional violations. *See Turker*, 157 F. 3d at 456.

However, as previously noted, the Plaintiffs have objected to the Cabinet's motion to dismiss because "it is likely that the Plaintiffs will raise the constitutionality of [KRS § 347.060] by amendment to their Complaint," and "[i]t would be a matter of judicial economy to keep the Cabinet as a party defendant." [Record No. 27, p.1] Despite this assertion, the Plaintiffs have failed to attach or file an amended complaint since they filed their response to the motion to

dismiss almost two months ago. Accordingly, the Court does not agree with the Plaintiffs' assertion that judicial economy weighs in favor of keeping the Cabinet as a defendant, as no viable claims have been filed against it to date. And because the Plaintiffs' Complaint fails to state a claim for relief against the Cabinet which is plausible on its face, the Cabinet's motion to dismiss will granted. *See Twombly*, 127 S. Ct. at 1974.

### IV.     Conclusion

The Court being sufficiently advised, it is hereby

**ORDERED** that the motion to dismiss filed by the Commonwealth of Kentucky, Cabinet for Health and Family Services, Department of Community Based Services [Record No. 26] is **GRANTED**.

This 12th day of May, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge